UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Germaine Montiel Brisbane,   #05101211, | ) C/A No. 0:05-3363-HFF-BM |
| Plaintiff, | ) |
| vs. | ) |
| Sheriff NFN Dewitt;<br>Captain NFN Currie;<br>Lieutenant NFN Riley;<br>Sargent NFN Sanders;<br>Doctor NFN Sparding;<br>Sargent NFN Edmonds;<br>Officer NFN Suggs;<br>Officer NFN Wadford;<br>Officer NFN Ward;<br>Officer NFN Hamner; and<br>Officer NFN Jett, | ) **REPORT AND**<br>) **RECOMMENDATION** |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was detained in the Berkley County Detention Center,[1] alleges violations of his constitutional rights.

The Defendant Dewitt filed a motion to dismiss on the grounds of qualified immunity on February 27, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the

---

[1] Plaintiff has, since the filing of this action, provided the Court with a new address of 5D South Street, Charleston, South Carolina.



Court on February 28, 2006, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. However, notwithstanding the specific warning and instructions as set forth in the Court's <u>Roseboro</u> order, Plaintiff failed to file any response to the Defendant Dewitt's motion, which is now before the Court for disposition.[2]

### Discussion

The Defendant argues in his motion that Plaintiff has failed to set forth sufficient facts to state a claim against him pursuant to Rule 12(b), Fed.R.Civ.P. When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." <u>Southmark Prime Plus L.P. v. Falzone</u>, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting <u>Turbe v. Government of Virgin Islands</u>, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case. See <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). As the Plaintiff is proceeding <u>pro se</u>, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, <u>Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center</u>, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant Dewitt has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, after careful consideration of Defendant's argument and the allegations of the Complaint pursuant to the liberal standard to which Plaintiff is entitled, the undersigned finds that Defendant's motion should be denied, notwithstanding the fact that Plaintiff failed to respond to the motion. Plaintiff alleges in his verified Complaint that (at the time of the filing of the Complaint) he was incarcerated at the Berkley County Detention Center, where he was being housed under unconstitutional conditions. Specifically, Plaintiff claims that there are "weapons like razor blades and [knives] floating around", that his cell door can be opened by other inmates with plastic spoons, that he was subjected to overcrowding and was not given blankets or sheets, that he was not provided with proper hygiene materials or shower facilities, that there were other inmates in the population who were positive for tuberculosis, that there were not enough officers on duty to ensure the safety of the inmates, and numerous other alleged constitutional violations. While these allegations obviously have not been proven, they are sufficient to set forth a claim under § 1983. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991) [overcrowding combined with unsanitary conditions can be unconstitutional]; Delgado v. Cady, 576 F.Supp. 1446 (E.D.Wis. 1983) [prison overcrowding may result in constitutional violation under certain circumstances]; West v. Edwards, 439 F.Supp. 722 (D.S.C. 1977) [same]; Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) [discussing claim based on general conditions of confinement]; see also Belcher v. Oliver, 898 F.2d 32, 34 (1990) ["the Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately

3



indifferent to any serious...needs of the detainee"]. As a government employee, Sheriff Dewitt is subject to suit under § 1983. Gomez v. Toledo, 446 U.S. 635, 640 (1980) [A plaintiff states a cause of action under 42 U.S.C. § 1983 where he alleges that 1) the defendant deprived him or her of a federal right, and 2) did so under color of state law].

Under the doctrine of qualified immunity, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, as noted by the cited caselaw, it was certainly clearly established at the time of the filing of Plaintiff's complaint that a pretrial detainee's constitutional rights could be violated if government officials allowed him or her to be kept in unsanitary or dangerous conditions of confinement. Therefore, as Plaintiff's allegations, if true, may amount to violations of Plaintiff's constitutional rights, the Defendant Dewitt is not entitled to dismissal as a party Defendant on the ground of qualified immunity. Falzone, 776 F.Supp. At 890 [Rule 12 motion can be granted only if no relief could be granted under any set of facts that could be proved].³

---

³Sheriff Dewitt may also contend that he is not subject to liability in this case because he had no involvement in the conditions of confinement at the Berkley County Detention Center. However, this Court can take judicial notice that county jail facilities are run by the Sheriff's office in many South Carolina counties. Since no evidence has been presented to show whether or not the Sheriff runs the Berkley County Detention Center, dismissal of the County Sheriff on a Rule 12 motion would not be appropriate at this time. Further, while this Defendant may contend that, even if the Sheriff's office does run the County Detention Facility, he is not personally involved in the running of that facility, a supervisory official may nevertheless be held liable for the acts of others where an official policy or custom for which that official was responsible resulted in illegal action. See generally, Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubby v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992); See Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied,



**Conclusion**

Based on the foregoing, it is recommended that the Defendant Dewitt's motion to be dismissed as a party Defendant be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 24, 2006

---

Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)).  As there is no evidence before the Court with regard to this issue, dismissal of this Defendant on a Rule 12 motion would also not be appropriate on the ground that he is merely a supervisory official.

5



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201

