UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Germaine Montiel Brisbane, #05101211,   )
                                                                  )    C/A No. 0:05-3363-HFF-BM
                              Plaintiff,   )

Versus   )

Sheriff NFN Dewitt, Capt. NFN Currie,   )
Lieutenant NFN Riley, Sargent NFN   )   **REPORT AND RECOMMENDATION**
Sanders, Doctor NFN Sparding,   )
Sargent NFN Edmonds, Officer NFN Suggs, )
Officer NFN Wadford, Officer NFN Ward,   )
Officer NFN Hamner, and Officer NFN Jett, )
                                Defendants.   )



This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was detained in the Berkeley County Detention Center, alleges violations of his constitutional rights.

The Defendants filed a motion to dismiss and/or for summary judgment on April 13, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 18, 2006, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order,

Plaintiff has failed to file any response to the Defendants' motion, which is now before the Court for disposition.[1]

**Discussion**

Plaintiff alleges in his verified Complaint[2] that (at the time of the filing of the Complaint) he was incarcerated at the Berkeley County Detention Center, where he was being housed under unconstitutional conditions. Specifically, Plaintiff claims that there are "weapons like razor blades and [knives] floating around", that his cell door can be opened by other inmates with plastic spoons, that he was subjected to overcrowding and was not given blankets or sheets, that he was not provided with proper hygiene materials or shower facilities, that there were other inmates in the population who were positive for Tuberculosis, that there were not enough officers on duty to ensure the safety of the inmates, and numerous other alleged constitutional violations. See generally, Complaint.

Defendants assert several grounds for summary judgment in their motion. These defenses include that the Plaintiff has failed to state a claim, qualified immunity, and other defenses which the undersigned has already rejected in a Report and Recommendation issued with respect to a separate motion to dismiss previously filed by the Defendant Dewitt, and adopted by the Court in an Order issued May 25, 2006. See Court Document Nos. 36 and 40.[3]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff did not respond to the motion for summary judgment, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[3] While the Defendant Dewitt's previous motion was solely under Rule 12, while Defendants' current motion also mentions Rule 56, the fact remains that the Defendants have submitted no
(continued...)



However, Defendants also argue in their motion that they are entitled to dismissal of Plaintiff's claims due to Plaintiff's failure to exhaust his administrative remedies prior to bringing this lawsuit, as required by 42 U.S.C. § 1997e. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be pled and proven by the Defendant].

Pursuant to § 1997e(a), "[n]o action shall be brought with respect to prison conditions[4] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin

---

[3](...continued)
evidence to support these grounds for summary judgment. Rather, they have instead submitted only a brief arguing their position. However, having already determined that the verified allegations of Plaintiff's Complaint are sufficient to state a claim against these Defendants, they are not entitled to summary judgment based on their mere argument that Plaintiff has failed to state a claim, or that they are otherwise entitled to qualified immunity, absent some evidentiary basis for these positions. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda and oral argument are not evidence]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

[4] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). See also Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).



3

v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed with his claim in this Court, he must first have exhausted any administrative remedies that were available at the Detention Center.

Defendants argue that the Berkeley County Detention Center has a grievance policy, and that Plaintiff has failed to show that he exhausted his available remedies under that policy as required prior to bringing this lawsuit. A review of Plaintiff's verified Complaint shows that, under § II, Plaintiff checked "yes" to the question of whether there was a prisoner grievance procedure at the Detention Center and to whether he had filed a grievance concerning his claims, but checked "no" to the question of whether he had received a final answer or determination concerning his grievance prior to filing this lawsuit. Significantly for purposes of Defendants' motion, Plaintiff has also failed to respond to Defendants' argument that he did not exhaust his administrative remedies prior to bringing this lawsuit, or to set forth any argument as to why, given his admissions in his Complaint, he should either be deemed to have exhausted the jail grievance process, or should not be required to exhaust that process before bringing this lawsuit.[5] Therefore, this action is subject to dismissal for lack of exhaustion of administrative remedies.

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion to dismiss

---

[5]The undersigned notes that, in fact, the Court has received no communication from the Plaintiff whatsoever since February 14, 2006, when Plaintiff sent a notice of change of address to the Court. In addition to not responding to the current motion to dismiss filed by all of the Defendants, Plaintiff also failed to respond to the previous motion to dismiss filed by the Defendant Dewitt.



and/or for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

        The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October 31, 2006



5

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

